AO241
(Rev. 10/07)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| **United States District Court** | District:<br>**EASTERN DISTRIST OF LOUISIANA** |
| Name (under which you were convicted):<br><br>**PATRICK JAMES**<br>Place of Confinement:<br><br>**RAYBURN CORRECTIONAL CENTER**<br>Petitioner (include the name under which you were convicted) | Docket or Case No:<br>**16-8720**<br><br>Prisoner No:<br>**SECT.N MAG2**<br><br>**(**DOC#**)**<br>Respondent (authorize person having custody of petitioner) |

| | | |
|---|---|---|
| **PATRICK JAMES** | v. | **SANDY MCCAIN, WARDEN**<br>**RAYBURN CORRECTIONAL CENTER** |

The Attorney General of the State of Louisiana

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    **22nd Judicial District Court**
    **Parish of St. Tammany**

    (b) Criminal docket or case number (if you know): **Docket No. 518531**

2. (a) Date of the judgment of conviction (if you know):  **June 7, 2013**

    (b) Date of sentencing: **June 7, 2013**

3. Length of sentence: _____

4. In this case, were you convicted on more than one count or of more than one crime?          ❏ Yes   ❏ No

5. Identify all crimes of which you were convicted and sentenced in this case: **Possession of Cocaine**

6.  (a) What was your plea? (Check one)

|    X (1)   Not guilty | ❏ (3)   Nolo contendere (no contest) |
|---|---|
| ❏ (2)   Guilty | ❏ (4)   Insanity plea |

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
    you plead guilty to and what did you plead not guilty to?

    _____

TENDERED FOR FILING

MAY 2 7 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

AO241
(Rev. 10/07)

Page 2

(c) If you went to trial, what kind of trial did you have? (Check one)

X Jury        ❏ Judge only

7.   Did you testify at a pretrial hearing, trial or a post-trial hearing?

❏ Yes        ☑ No

9. If you did appeal, answer the following:

a. Name of court: **N/A**

b. Docket or case number (if you know): **N/A**

c. Result: **N/A**

d. Date of result: **N/A**

e. Citation to the case (if you know): **N/A**

f.  Grounds raised: **N/A**

(g) Did you seek further review by a high state court?        ❏ Yes        ☑ No

If yes, answer the following: **N/A**

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Result: **N/A**

(4) Date of result: **N/A**
(5) Citation to the case (if you know): **N/A**

(6) Grounds raised: **N/A**

(h) Did you file a petition for certiorari in the United States Supreme Court?        ❏ Yes        ☑ No

If yes, answer the following: **N/A**

(1) Docket or case number (if you know): **N/A**

(2) Result: **N/A**

(3) Date of result (if you know): **N/A**

(4) Citation to the case (if you know): **N/A**

AO241
(Rev. 10/07)

Page 3

10. Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes       ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1)   Name of Court: **St. Tammany Parish, 22ⁿᵈ Judicial District Court**

(2)   Docket or case number (if you know): **#518531**

(3)   Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **Application for Post-Conviction Relief**

(5) Grounds raised:

1.   **Whether the State failed to prove the essential elements beyond a reasonable doubt violated the Fourteenth Amendment of the United States Constitution.**

2.   **Whether trial court's failure to investigate and present impeachment evidence violated Petitioner's Sixth and Fourteenth Amendment of the United States Constitution.**

3.   **Whether Appellate Counsel's failure to raise a meritorious claim on direct appeal violated Petitioner's the Sixth Amendment of the United States Constitution.**

(6)   Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes       ☑ No

(7)   Result: **Denied**

(8)   Date of result (if you know): **May 8, 2014**

(b)   If you filed any second petition, application or motion give the same information: **N/A**

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes       ☐ No  ☑ N/A

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

AO241
(Rev. 10/07)

(c)    If you filed any third petition, application, or motion, given the same information: ☑ **N/A**

(1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐  Yes      ☐  No  ☑ **N/A**

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d )    Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition:      ☑ Yes      ☐  No

(2) Second petition:     ☐  Yes     ☐  No ☑ **N/A**

(3) Third petition:      ☐  Yes     ☐  No ☑ **N/A**

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, Laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground..

> Caution: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

1.    **GROUND ONE: Whether the State failed to prove the essential elements beyond a reasonable doubt violated the Fourteenth Amendment of the United States Constitution.**

(a)  Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**SEE MEMORANDUM IN SUPPORT OF HABEAS CORPUS ATTACHED HERETO.**

(b) If you did not exhaust your state remedies on Ground One, explain why: **Exhausted all remedies**

(c)    **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue?    X  Yes  ☐  No

AO241
(Rev. 10/07)

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   Post-Conviction Proceedings:

(1)   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes        ❑  No

(2)   If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, St. Tammany Parish**

Docket or case number (if you know): **518531**

Date of the court's decision: **May 8, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?                              ❑  Yes  ☑  No

(4) Did you appeal from the denial of your motion or petition?                     ☑ Yes  ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?     ☑ Yes  ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
      **Louisiana First Circuit Court of Appeal**

Docket or case number (if you know): **No. 2014 KW 0872**

Date of the court's decision: **September 23, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)  **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have

Used to exhaust your state remedies on Ground One: **Louisiana Supreme Court, 2015-KH-0396, December 7, 2015, Denied**

AO241
(Rev. 10/07)

**GROUND TWO**: **Whether trial court's failure to investigate and present impeachment evidence violated Petitioner's Sixth and Fourteenth Amendment of the United States Constitution.**

(a)  Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**SEE MEMORANDUM IN SUPPORT OF HABEAS CORPUS ATTACHED HERETO.**

(b) If you did not exhaust your state remedies on Ground Two, explain why: **N/A**

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed form the judgment of conviction, did you raise this issue?   X  Yes   ❑  No

(2) If you did not raise this issue in your direct appeal, explain why:

(f)  Post-Conviction Proceedings:

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes       ❑  No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, St. Tammany Parish**

Docket or case number (if you know): **518531**

Date of the court's decision: **May 8, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?           ❑  Yes  ☑  No

(4) Did you appeal from the denial of your motion or petition?        ☑  Yes  ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ☑  Yes  ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
          **Louisiana First Circuit Court of Appeal**

Docket or case number (if you know): **No. 2014 KW 0872**

Date of the court's decision: **September 23, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

AO241
(Rev. 10/07)

Page 7

(g) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **Louisiana Supreme Court, 2015-KH-0396, December 7, 2015, Denied**

**GROUND THREE: Whether Appellate Counsel's failure to raise a meritorious claim on direct appeal violated Petitioner's the Sixth Amendment of the United States Constitution**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.): **N/A**

<u>SEE MEMORANDUM IN SUPPORT OF HABEAS CORPUS ATTACHED HERETO.</u>

(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed form the judgment of conviction, did you raise this issue?     X  Yes   ❑  No

(2) If you did not raise this issue in your direct appeal, explain why:

(h)  Post-Conviction Proceedings:

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes        ❑  No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22ⁿᵈ Judicial District Court, St. Tammany Parish**

Docket or case number (if you know): **518531**

Date of the court's decision: **May 8, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?                   ❑  Yes  ☑  No

(4) Did you appeal from the denial of your motion or petition?            ☑  Yes   ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?       ☑  Yes   ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
     **Louisiana First Circuit Court of Appeal**

Docket or case number (if you know): **No. 2014 KW 0872**

Date of the court's decision: **September 23, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

AO241
(Rev. 10/07)

Page 8

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **Louisiana Supreme Court, 2015-KH-0396, December 7, 2015, Denied**

13.   Please answer these additional question about the petition you are filing:

(a)   Have all grounds for relief that you have presented in this petition been presented to the highest state court having jurisdiction?   ☑ Yes       ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **N/A**

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, Ground or grounds have not been presented, and state your reasons for not presenting them: **N/A**

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?       ☐ Yes   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes       ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)   At preliminary hearing: **None**
(b)   At arraignment and plea: **None**
(c)   At trail: **None**
(d)   At sentencing: **None**
(e)   On appeal: **None**
(f)   In any post-conviction proceeding: **None**
(g)   On appeal from any adverse ruling in a post-conviction proceeding: **None**

17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are challenging?       ☐ Yes       ☑ No

18.   **TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain

The one-year statue of limitation as contained in **28 U.S.C. § 2244(d)** does not bar your petition.*
**(SEE MEMORANDUM IN SUPPORT OF)**

_____
Petitioner

AO241
(Rev. 10/07)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

     (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

     (C )     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

     (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction of other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

**That the conviction and sentence against the Petitioner be reversed and/or that this matter be remanded to the Trial Court for an Evidentiary hearing on the claims presented herein for review.**

or any other relief to which petitioner may be entitled.

_____ *None* _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system of Rayburn Correctional Center.

Executed (signed) on _____ day of _____, 2016.

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

**16-8720
SECT.N MAG2**

## MEMORANDUM IN SUPPORT OF
## PETITION FOR WRIT OF HABEAS CORPUS

## STATEMENT OF CASE

Petitioner appeared before the 22nd Judicial District Court, Parish of St. Tammany, Docket #518531, charged with the Offense of Possession of Cocaine. Following a jury trial Petitioner was found guilty of the underlining offense and was adjudicated by the State to serve a sentence as a fourth felony offender in the Louisiana Department of Corrections.

The Petitioner is aggrieved from the decision of the 22nd Judicial District Court and the First Circuit Court of Appeals, and Louisiana Supreme Court and hereby seeks a 28 USC §2254.

TENDERED FOR FILING

MAY 27 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1

## CLAIMS PRESENTED

1.  Whether the State failed to prove the essential elements beyond a reasonable doubt violated the Fourteenth Amendment of the United States Constitution.

2.  Whether trial court's failure to investigate and present impeachment evidence violated Petitioner's Sixth and Fourteenth Amendment of the United States Constitution.

3.  Whether Appellate Counsel's failure to raise a meritorious claim on direct appeal violated Petitioner's the Sixth Amendment of the United States Constitution.

TENDERED FOR FILING

MAY 2 7 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## LAW AND ARGUMENT

**CLAIM #1**

**WHETHER THE STATE FAILED TO PROVE THE ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT VIOLATED THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

The Federal Question before this Honorable Court is whether under Jackson v. Virginia, supra., a rational trier of fact, viewing the evidence in light most favorable to the prosecution could have found reasonable doubt that"

1. The Petitioner had dominion and control over the cocaine; and

**2.** He actually possessed it, **State vs. Trahan, 425 So. 2d 1222 (La. 1983)**

Louisiana Jurisprudence clearly states that circumstantial evidence must negate only hypothesis of innocence. The only evidence that the State presented to establish that it was Petitioner who bought the alleged drugs into the jail was the jail videotape. At no time does this tape show Petitioner placing drugs into the mattress or handling drugs prior to reaching the dormitory. The State presented the video to the jury with, "theory" that was unsupported by any other evidence. Petitioner was stripped searched twice before reaching the dormitory and no drugs were found. The mattress where the drugs were found did not belong to the Petitioner as evidenced by the videotape. The State bore the burden of proving that Petitioner actually or constructively possessed these drugs, which it failed to do so. The videotape never negated the hypothesis that the alleged drugs were already present in this mattress before Petitioner arrived to the Dormitory. There's no evidence to negate this theory. The jail has a 24 hour recorded surveillance and nowhere in these 24 hours do these recorded tapes show Petitioner, "possessing", the alleged drugs or putting them into the mattress. The answer in which a person

holds their bag is not evidence that they are possessing an illegal substance.   Switching mattress is not evidence that a person is possessing an illegal substance.    Each of these instances are circumstantial and cannot alone serve as the proving of the essential elements needed in this case. The due process standard of **Jackson v. Virginia**, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), does not provide reviewing courts with a mechanism to second guess the rational credibility determinations of the jury, but it also does not allow jurors to speculate " 'if the evidence is such that reasonable jurors must have reasonable doubt.  With evidence presented to the jury by the State the jury could only speculate that Petitioner at any time possessed the alleged drugs, 647 So.2d 337, 94-0970 La. 12/8/94, **State v. Harris**, (La. 1994)

**CLAIM #2**

**WHETHER TRIAL COURT'S FAILURE TO INVESTIGATE AND PRESENT IMPEACHMENT EVIDENCE VIOLATED PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

The jury was given two witnesses to determine whether Petitioner was guilty or innocent. Therefore, the credibility of these two witnesses is the determining factor in Petitioner's guilt or innocence one witnesses testified that he tested the substance and it was in fact an illegal substance.   Yet each witness's testimony contradicts other evidence in this case making this evidence clear impeachment evidence.

649 F.Supp.2d 460, **Taylor v. Cain**, (E.D.La. 2009), For purposes of sufficiency of evidence analysis on federal habeas review, all evidence, direct and circumstantial, must meet reasonable doubt standard set forth in Supreme Court case of Jackson v. Virginia.  28 U.S.C.A. § 2254(d)(1).

Wigstrom testified that he found the drugs on rack number 7 but evidence shows that Petitioner was assigned to rack number 5. There's a reasonable probability that had jury known that the alleged drugs were not found on Petitioner's rack, as testified to by Wigstrom, but on anther rack, that the result of the proceedings would have been different. The videotape shows that the rack that Wigstrom pointed out was in fact rack 7, not rack number 5, which was Petitioner's assigned rack. Petitioner's defense was that he did not put the alleged drugs in the mattress. Had counsel investigated past the preliminary findings of the State, he would have seen that it was in fact not Petitioner's rack where the drugs were found.

Panks wrote a report that the alleged drugs found were approximately 8 grams. **(See attached Evidence Receipt Item#2011-021073)** At trial, he testified that the alleged drugs was 4.22 grams. This is a clear and distinct discrepancy, which leaves Panks credibility to question. A question to be determined by the Jury had counsel-impeached Panks with his report. Instead, he left the testimony of Panks uncontested.

In addition when independent fact-finding by the Court is mandatory and the facts are in dispute, The Court must hold an Evidentiary Hearing. Thus, where there is conflicting evidence the Court must give opportunity to establish a record to settle the mixed questions of law and fact. The Trial Court adjudicated Petitioner's ineffective assistance of trial counsel claim without first establishing a record to sort out the conflicts of fact.

There lies a substantial basis of discrepancy to warrant an evidentiary hearing. It was impossible for the trial court to make it's determination from the record at hand. At the very

foundation of this case is a clear mixed question of fact and that is Petitioner's rack number at the time of the discovery of the alleged drugs in question.

Art. 104. Preliminary questions

A. Questions of admissibility generally.   Preliminary questions concerning the competency or qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of Paragraph B. In making its determination it is not bound by the rules of evidence except those with respect to privileges.

B. Relevancy conditioned on fact.   Subject to other provisions of this Code, when the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

C. Hearing of jury.   Hearings on matters to be decided by the judge alone shall be conducted out of the hearing of the jury when the interests of justice require.   Hearings on the admissibility of confessions or admissions by the accused or evidence allegedly unlawfully obtained shall in all cases be conducted out of the hearing of the jury, but when there has been a ruling prior to trial, it shall not be necessary to conduct another hearing as to admissibility before presentation of the evidence to a jury.

D. Weight and credibility.   The preliminary determination by the court that evidence is admissible does not limit the right of a party to introduce evidence relevant to weight or credibility at the trial.

7

The Louisiana Supreme Court in their own ruling has held in 10 So.3d 224, 2008-2106 La. 5/5/09, **State v. Shirley**, (La. 2009), After reviewing the provisions of La.Code Evid. art. 104 and 1101, it is evident confusion may exist on the question of whether hearsay evidence may be admissible at a hearing on a motion to suppress.  Such confusion is exacerbated by one of the Comments to La.Code Evid. art. 1101 which states that "Subparagraph (B)(8) coupled with Paragraph A continues in effect the requirement that formal evidentiary rules generally apply in hearings on motions to suppress evidence."  Notwithstanding the facial confusion and the text of the Comment, we find resolution of the question in La.Code Evid. art. 1101(C)(1) which explicitly states the provisions of the Code of Evidence are not applicable to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under [La.Code Evid.]  Article 104."  As stated in Article 104, "[p]reliminary questions concerning ... the admissibility of evidence shall be determined by the court ... In making its determination it is not bound by the rules of evidence except those with respect to privileges."  Accordingly, we find the exclusionary clause of La. Code Evid. art. 1101(B)(8), when considered in pari materiae with La.Code Evid. art. 104, may be read to generally exempt hearings on motions to suppress evidence from the rules of evidence except with respect to privileges.  Thus, La.Code Evid. art. 1101(B) may be read harmoniously with the provisions of La.Code Evid. art. 104(A).

The Louisiana Supreme Court simply entered a judgment of an untimely writ, pursuant to Rule X §5, Docket Number 2015-KH-0396, December 7, 2015.

The 22nd Judicial District Court failed to hold a hearing for the Petitioner to be able to present to the Trial Court evidence that would have proved his innocence and he would not have been found guilty of this offense.

8

CLAIM #3

**WHETHER PETITIONER COUNSEL'S FAILURE TO RAISE A MERITORIOUS CLAIM ON DIRECT APPEAL VIOLATED PETITIONER'S THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

United states supreme court has long held in order to show ineffective assistance of counsel, a defendant must demonstrate (1) that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that counsel's errors or omissions resulted in prejudice so great as to undermine confidence in the outcome. **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); In order to show prejudice, the defendant must show that, but for his counsel's unprofessional conduct, the outcome of the trial would have been different. **Strickland v. Washington**, 466 U.S. at 693, 104 S.Ct. at 2068.

Petitioner's Counsel has a sixth amendment duty to argue meritorious claims on direct appeal. Petitioner has a constitutional guarantee to effective assistance of counsel on direct appeal. In regard to these clearly established legal guarantees, it was Petitioner Counsel's duty to argue the non frivolous claim of the State's failure to prove possession of cocaine beyond a reasonable doubt. The State's entire case rested on a videotape accompanied by the State's, "theory", of when and where the Petitioner had the drugs. At no time did the State present any evidence showing Petitioner in possession of the alleged drugs. From the State's two witnesses did not testify that they at anytime saw Petitioner with any drugs. So the entire case was cast in a circumstantial shadow that raises the obvious and most logical question of, "What if the drugs were already in the mattress?" The State did not exclude this hypothesis nor did it present any evidence to negate this. The State's entire theory was weak and unsupported by any evidence,

other than Petitioner's Motions and actions in picking a mattress, which does not prove that Petitioner hid drugs in them. Equipped with 24 hour surveillance, no video was ever shown to show that Petitioner put drugs in the mattress.

Herein lies an argument that Appellate Counsel would have more than likely succeeded upon had she argued it on Direct Appeal. So, here the components of an Ineffective Assistance of Counsel Claim lies directly in view, 1) Non frivolous claim 2) Counsel failed to raise on Direct Appeal, 3) There's reasonable probability that the adjudication of Petitioner's Direct Appeal would have been different.

The trial court gave no determination as to whether the reasonable doubt claim was non-frivolous before concluding that Direct Appeal Counsel was deficient or not, therefore there was no ruling on the issue presented for review and the Claim of Ineffective Assistance of Counsel was not heard before the State Courts, and the Constitution protects the Petitioner from the right to effective assistance of counsel.

## CONCLUSION

The Trial Court has made the erroneous determination that Petitioner failed to reach his burden of proof on the above arguments of ineffective assistance of counsel and direct appeal.

1) Counsel's representation fell below an objective standard of reasonableness.

    a. Was it not below the standard of reasonableness for trial counsel not to investigate the videotape that the state accused stayed Petitioner smuggling drugs into the jail?

    b. Was it not below the standard of reasonableness for trial counsel not to investigate the report that was made to confirm the substance found was in fact drugs?

  c. Was it not below the standard of reasonableness for direct appeal counsel not to argue a clearly meritorious claim on direct appeal?

2) That there is a reasonableness probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.

  a. Is there a reasonable probability that the result of the proceeding would have been different if the jury would have learn that the mattress and rack where the drugs were found did not belong to Petitioner?

  b. Is there not a reasonable probability that the result of the proceeding would have been different if the jury would have known that the alleged drugs they were being shown was almost half less of what the original report said.

  c. Is there not a reasonable probability that had the direct appeal counsel raised meritorious claim reasonable doubt on direct appeal that the result would have been different?

The Trial Court clearly did not consider the Post-Conviction Application and Memorandum or the entire record because the very question of burden raised and set forth in both the Memorandum and the record.

In addition, the trial court failed to address the reasonableness doubt in its entirety because there was no reason given for its denial.

## **PRAYER**

**WHEREFORE,** Petitioner requests this Honorable Court to grant relief based upon the merits of the claims presented and/or remand this case to the trial court for an evidentiary hearing with the interested parties herein with instructions from this Honorable Court as to the constitutional violations argued herein.

Respectfully Submitted,

X _____

Patrick James #354290
Rayburn Correctional Center
27268 Highway 21
Angie, Louisiana 70426-3030

12

## VERIFICATION

I, Patrick James #354290, do hereby declare under penalty of perjury that the foregoing facts contained herein are true and correct to the best of my knowledge and belief and the foregoing has been forwarded to the District Attorney in and for the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana this _____ day of _____, 2016, Angie, Louisiana 70426.

X _____

Patrick James #354290

**APPENDIX SHEET**

APPENDIX A – 22nd Judicial District Court's Minutes of the Court / Will provide upon receipT

APPENDIX B – 22nd Judicial District Court's ruling on Application for Post-Conviction Relief

APPENDIX C – The Court of Appeals, First Circuit, ruling on Petitioner's Application for Supervisory Writ

APPENDIX D – The Louisiana Supreme Court decision rendered herein.

# EVIDENCE RECEIPT

ITEM # 2011-021073 _____ DATE 12-31-11 _____ EVIDENCE # 11-21073

Additional

I   Name of Defendants:   #1 James, Patrick _____   #4 _____

#2 _____   #5 _____

#3 _____   #6 _____

II   Type of Offense Narcotics _____ Date/Time of Recovery 12-31-11 / 1530

III   Victim(s) State of Louisiana _____

VI   Reason Seized   (Analysis)        (Trial)

V   Owner of Property Patrick James _____

VI   Chain of Custody:                    I.D. Made By Owner          YES        (NO)

Person Who Recovered Evidence _____ #9625 / 1745   Evidence Marked By Initials
                                     Signature(s) & Radio #        (YES)    NO

Turned Over To Covington Evidence Vault ____ Date 1/12/12 _____ Time 1200

Turned Over To _____ Date 1-18-12 Time 0800

Turned Over To _____ Date _____ Time _____

VII   Description of Evidence Seized:

| Exhibit # | Quantity | Description |
|-----------|----------|-------------|
| N-1 | 1 | One (1) SENV containing approximately 8grams of suspected crack cocaine inside a clear plastic wrapper. |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Storage Bin #:

ST. TAMMANY PARISH SHERIFF'S OFFICE
CRIME LABORATORY
REQUEST FOR NARCOTICS ANALYSIS

DATE SUBMITTED: 1/14/12 _____ CASE #: 2011-021073 _____ EVIDENCE #: 11-21073

SUBMITTING DEPUTY: J. Panks _____ BADGE #: 9625 _____ EMPLOYEE #: 1745

| SUBJECT NAME: (LAST, FIRST, MIDDLE) | RACE | GENDER | DATE OF BIRTH |
|---|---|---|---|
| James, Patrick | B | M | 8/9/76 |
| | | | |
| | | | |
| | | | |

DATE OF OFFENSE: 14/31/11 _____ OFFENSE(S): Narcotics _____

| EXHIBIT # | DESCRIPTION OF EVIDENCE |
|---|---|
| N-1 | One (1) SENU containing approximately 8grams of suspected crack cocaine inside a clear plastic wrapper. |
| | |
| | |
| | |
| | DFC. Nothing Further #9625 |
| | |
| | |
| | |
| | |

CHAIN OF CUSTODY

TURNED OVER TO: Covington Evidence Vault   DFC. ___ #9625   1/12/12 1200
                PRINT NAME                  SIGNATURE         DATE & TIME

TURNED OVER TO: CHLee                       CHLee             1.18.12@0800
                PRINT NAME                  SIGNATURE         DATE & TIME

TURNED OVER TO: R. Lewis                    RLZ               1.18.12  0810
                PRINT NAME                  SIGNATURE         DATE & TIME

TURNED OVER TO: Jessica Watkins             JWatkins          1/18/12  0900
                PRINT NAME                  SIGNATURE         DATE & TIME

TURNED OVER TO: CHLee                       CHLee             2.22.12@1015
                PRINT NAME                  SIGNATURE         DATE & TIME

TURNED OVER TO: _____                     _____           _____
                PRINT NAME                  SIGNATURE         DATE & TIME

DISTRICT ATTORNEY - WHITE      RECORDS - GREEN      LAB COPY - CANARY      DEPUTY COPY - PINK      EVIDENCE - GOLDENROD

II-110

,PATRICK JAMES
MEMORANDUM IN SUPPORT OF
28 USC §2254

16-8720
SECT.N MAG2

# APPENDIX A

PATRICK JAMES
MEMORANDUM IN SUPPORT OF
28 USC §2254

16-8720
SECT.N MAG2

# APPENDIX B

STATE OF LOUISIANA

VERSUS

PATRICK JAMES

FILED: May 8, 2014

NUMBER:  518531

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

_____

DEPUTY CLERK

## ORDER

Patrick James filed an Application for Post Conviction Relief wherein he asserts three claims:  that the state failed to prove his guilt beyond a reasonable doubt, for ineffective assistance of appellate counsel and for ineffective assistance of trial counsel.

Following a jury trial, petitioner was convicted of possession of cocaine.  The State filed a habitual offender bill of information, and petitioner was adjudicated to be a fourth-felony habitual offender.  The conviction, habitual offender adjudication, and sentence were affirmed by judgment rendered June 7, 2013.

Petitioner alleged that the state failed to prove possession of cocaine beyond a reasonable doubt; that his appellate counsel was ineffective for failing to raise the reasonable doubt claim on direct appeal; and that his trial counsel was ineffective for failing to investigate and present an adequate defense, and for failing to impeach two witnesses.

Petitioner's claims of ineffective assistance of counsel must be determined in light of the two-pronged test set out by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires that a convicted defendant show both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

After considering petitioner's Application and Memorandum in Support, the entire record of this matter and the law, the Court finds that petitioner failed to carry his burden of proof pursuant to Louisiana Code of Criminal Procedure article 930.2.

Accordingly, under Louisiana Code of Criminal Procedure Article 929, the relief sought must be denied.

IT IS HEREBY ORDERED that the Petition for Post Conviction Relief filed by Patrick James be denied.

IT IS FURTHER ORDERED that the Clerk of Court of the Parish of St. Tammany give notice of this dismissal to petitioner, the District Attorney for the Parish of St. Tammany, and the petitioner's custodian.

Covington, Louisiana, this ___8___ day of May, 2014.

_____
HONORABLE ALLISON H. PENZATO

A TRUE COPY

DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

PATRICK JAMES
MEMORANDUM IN SUPPORT OF
28 USC §2254

**16-8720**
**SECT.N MAG2**

# APPENDIX C

17

### COURT OF APPEAL, FIRST CIRCUIT
### P.O. Box 4408
### Baton Rouge, LA  70811


Date:  January 23, 2014


To:   Patrick James #3542901
      R. C. C.
      27268 Hwy 21
      Angie, LA 70426


    In response to your correspondence received by this Court on January 20, 2015, please be advised:


(X)   Enclosed please find a *courtesy* copy of your requested document. Any future copy requests will be provided at a pre-paid cost of $1.00 per page.

Sincerely,


The Clerk's Office



Office Of The Clerk

## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition

August 11, 2014

Docket Number:  2014 - KW - 0872

State Of Louisiana
    versus
Patrick James

TO:   Patrick  James
Rayburn Correctional Center
27268 Hwy 21 N
Angie, La 70426

Hon. Walter P. Reed
St. Tammany Parish
701 North Columbia St.
Covington, LA 70433

Hon. Allison H. Penzato
Justice Center
701 N. Columbia
Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

CHRISTINE L. CROW
CLERK OF COURT

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

PATRICK JAMES

NO.  2014 KW 0872

AUG 1 1 2014

In Re:   Patrick James, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 518531.

BEFORE:   WHIPPLE, C.J., McCLENDON AND HIGGINBOTHAM, JJ.

WRIT DENIED ON THE SHOWING MADE.

PMc
TMH
VGW

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                          NO.  2014 KW 0872

VERSUS

PATRICK JAMES                               SEP 2 3 2014

---

In Re:    Patrick James, applying for rehearing, 22nd Judicial
          District Court, Parish of St. Tammany, No. 518531.

---

BEFORE:   WHIPPLE, C.J., McCLENDON AND HIGGINBOTHAM, JJ.

   **REQUEST FOR REHEARING DENIED.**  An application for rehearing
will not be considered where this Court denied the original writ
application. See Uniform Rules-Louisiana Courts of Appeal, Rules
2-18.7 & 4.9.

PMc
TMH
VGW

COURT OF APPEAL, FIRST CIRCUIT

_Dana S. Vicari_
DEPUTY CLERK OF COURT
FOR THE COURT

PATRICK JAMES
MEMORANDUM IN SUPPORT OF
28 USC §2254

16-8720

SECT.N MAG2

# APPENDIX D

# The Supreme Court of the State of Louisiana

STATE EX REL. PATRICK JAMES

NO.   2015-KH-0396

VS.

STATE OF LOUISIANA

– – – – – –

IN RE:  Patrick James; - Plaintiff; Applying For Supervisory and/or
Remedial Writs, Parish of St. Tammany,  22nd Judicial District Court
Div. J, No. 518531; to the Court of Appeal, First Circuit, No. 2014
KW 0872;

– – – – – –

December 7, 2015

WRIT NOT CONSIDERED. Untimely filed pursuant to La.S.Ct. Rule X §
5.

MRC

JTK

JLW

GGG

JDH

SJC

Supreme Court of Louisiana
December 7, 2015

Clerk of Court
**Deputy**   For the Court

## SUPREME COURT
## STATE OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATE OF LOUISIANA

vs

### PATRICK JAMES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

First Circuit Court of Appeals,
Judgment rendered September 23, 2014, Under Docket Number 2014 KW 0872

22nd Judicial District Court, Parish of St. Tammany
Under Docket Number 518531

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>APPLICATION FOR WRIT OF CERTIORARI</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Respectfully submitted,

_____
Patrick James #354290
Rayburn Correctional Center
27268 HWY 21
Angie, Louisiana 70426

1

## INDEX

**Statement of which Considerations set forth:**                    **PAGE#**

Conflicting Decisions ……………………………………………3

Significant Unresolved Issues of Law ……………………:………………3

**Memorandum in Support of Writ of Certiorari ……………………**

Statement of Case ……………………………………………4

Assignment of Errors ……………………………………………4

Law and Argument ……………………………………………5

Assignment of Error #1 …………………………………………5-6

Assignment of Error #2 …………………………………………6-8

Assignment of Error #3 …………………………………………9-10

Conclusion ……………………………………………10

Prayer ……………………………………………11

Verification ……………………………………………12

Appendix Sheet ……………………………………………13

## STATEMENT OF WHICH CONSIDERATIONS SET FORTH

### I
### CONFLICTING DECISIONS

The decision of the Court of Appeal, First Circuit conflicts with a decision of the Supreme Court of the United States, on the same legal issue under the due process standard of **Jackson v. Virginia**, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and in 10 So.3d 224, 2008-2106 La. 5/5/09, **State v. Shirley**, (La. 2009), After reviewing the provisions of La.Code Evid. art. 104 and 1101, it is evident confusion may exist on the question of whether hearsay evidence may be admissible at a hearing on a motion to suppress also held by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. at 693, 104 S.Ct. at 2068, In order to show prejudice, the defendant must show that, but for his counsel's unprofessional conduct, the outcome of the trial would have been different.

### II

### SIGNIFICANT UNRESOLVED ISSUES OF LAW

The Court of Appeals, First Circuit has decided, and sanctioned the Twenty-Second Judicial District Court's decision of, a significant issue of law which has not been, but should be, resolved by this Honorable Court as in **supra. Strickland, supra. Jackson, supra. Shirley**.

## MEMORANDUM IN SUPPORT OF
## WRIT OF CERTIORARI

### STATEMENT OF CASE

Appellant appeared before the 2nd Judicial District Court, Parish of St. Tammany, Docket #518531, charged with the Offense of Possession of Cocaine.  Following a jury trial Appellant was found guilty of the underlining offense and was adjudicated by the State to serve a sentence as a fourth felony offender in the Louisiana Department of Corrections.

The Appellant is aggrieved from the decision of the 22nd Judicial District Court and the First Circuit Court of Appeals and hereby seeks an Application for Writ of Certiorari before the Louisiana Supreme Court.

### ASSIGNMENT OF ERRORS

1.  Whether the State failed to prove the essential elements beyond a reasonable doubt violated the Fourteenth Amendment of the United States Constitution.

2.  Whether trial court's failure to investigate and present impeachment evidence violated Appellant's Sixth and Fourteenth Amendment of the United States Constitution.

3.  Whether Appellate Counsel's failure to raise a meritorious claim on direct appeal violated Appellant's the Sixth Amendment of the United States Constitution.

## LAW AND ARGUMENT

**ASSIGNMENT OF ERROR #1**

**WHETHER THE STATE FAILED TO PROVE THE ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT VIOLATED THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

The question is whether under Jackson v. Virginia, supra., a rational trier of fact, viewing the evidence in light most favorable to the prosecution could have found reasonable doubt that"

1. The Appellant had dominion and control over the cocaine; and

2. He actually possessed it, **State vs. Trahan, 425 So. 2d 1222 (La. 1983)**

Louisiana Jurisprudence clearly states that circumstantial evidence must negate only hypothesis of innocence. The only evidence that the State presented to establish that it was Appellant who bought the alleged drugs into the jail was the jail videotape. At no time does this tape show Appellant placing drugs into the mattress or handling drugs prior to reaching the dormitory. The State presented the video to the jury with, "theory" that was unsupported by any other evidence. Appellant was stripped searched twice before reaching the dormitory and no drugs were found. The mattress where the drugs were found did not belong to the Appellant as evidenced by the videotape. The State bore the burden of proving that Appellant actually or constructively possessed these drugs, which it failed to do so. The videotape never negated the hypothesis that the alleged drugs were already present in this mattress before Appellant arrived to the Dormitory. There's no evidence to negate this theory. The jail has a 24 hour recorded surveillance and nowhere in these 24 hours do these recorded tapes show Appellant, "possessing", the alleged drugs or putting them into the mattress. The answer in which a person holds their bag is not evidence that they are possessing an illegal substance. Switching mattress is not evidence that a person is possessing an illegal substance. Each of these instances are circumstantial and cannot alone serve as the proving of the essential elements needed in this case. The due process standard of **Jackson v. Virginia**, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), does not provide reviewing courts with a mechanism to second guess the rational credibility determinations of the jury, but it also does not allow jurors to speculate " 'if the evidence is such that reasonable jurors must have reasonable doubt. With evidence presented to the jury by the State the jury could only speculate that Appellant at any time possessed the alleged drugs, 647 So.2d 337, 94-0970 La. 12/8/94, **State v. Harris**, (La. 1994)

**ASSIGNMENT OF ERROR #2**

**WHETHER TRIAL COURT'S FAILURE TO INVESTIGATE AND PRESENT IMPEACHMENT EVIDENCE VIOLATED APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

The jury was given two witnesses to determine whether Appellant was guilty or innocent. Therefore, the credibility of these two witnesses is the determining factor in Appellant's guilt or innocence one witnesses testified that he tested the substance and it was in fact an illegal substance. Yet each witness's testimony contradicts other evidence in this case making this evidence clear impeachment evidence.

129 So.3d 554, 2013-275 La. App. 3 Cir. 10/23/13, **State v. Davis**, (La. App. 3 Cir. 2013) "Generally, direct evidence consists of testimony from a witness who actually saw or heard an occurrence, proof of the existence of which is at issue." **State v. Jones**, 46,758, 46,759, p. 11 (La. App. 2 Cir. 12/14/11), 81 So.3d 236, 243-44, writ denied, 12-147 (La.5/4/12), 88 So.3d 462 (citing State v. Lilly, 468 So.2d 1154 (La.1985)).

Wigstrom testified that he found the drugs on rack number 7 but evidence shows that Appellant was assigned to rack number 5. There's a reasonable probability that had jury known that the alleged drugs were not found on Appellant's rack, as testified to by Wigstrom, but on anther rack, that the result of the proceedings would have been different. The videotape shows that the rack that Wigstrom pointed out was in fact rack 7, not rack number 5, which was Appellant's assigned rack. Appellant's defense was that he did not put the alleged drugs in the mattress. Had counsel investigated past the preliminary findings of the State, he would have seen that it was in fact not Appellant's rack where the drugs were found.

Panks wrote a report that the alleged drugs found were approximately 8 grams. **(See attached Evidence Receipt Item#2011-021073)** At trial, he testified that the alleged drugs was 4.22 grams. This is a clear and distinct discrepancy, which leaves Panks credibility to question. A question to be determined by the Jury had counsel-impeached Panks with his report. Instead, he left the testimony of Panks uncontested.

In addition when independent fact-finding by the Court is mandatory and the facts are in dispute, The Court must hold an Evidentiary Hearing. Thus, where there is conflicting evidence the Court must give opportunity to establish a record to settle the mixed questions of law and fact. The Trial Court adjudicated Appellant's ineffective assistance of trial counsel claim without first establishing a record to sort out the conflicts of fact.

There lies a substantial basis of discrepancy to warrant an evidentiary hearing. It was impossible for the trial court to make it's determination from the record at hand. At the very foundation of this case is a clear mixed question of fact and that is Appellant's rack number at the time of the discovery of the alleged drugs in question.

Art. 104. Preliminary questions

A. Questions of admissibility generally. Preliminary questions concerning the competency or qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of Paragraph B. In making its determination it is not bound by the rules of evidence except those with respect to privileges.

B. Relevancy conditioned on fact. Subject to other provisions of this Code, when the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

C. Hearing of jury. Hearings on matters to be decided by the judge alone shall be conducted out of the hearing of the jury when the interests of justice require. Hearings on the admissibility of confessions or admissions by the accused or evidence allegedly unlawfully obtained shall in all cases be conducted out of the hearing of the jury, but when there has been a ruling prior to trial, it shall not be necessary to conduct another hearing as to admissibility before presentation of the evidence to a jury.

D. Weight and credibility. The preliminary determination by the court that evidence is admissible does not limit the right of a party to introduce evidence relevant to weight or credibility at the trial.

This Honorable Court has held in 10 So.3d 224, 2008-2106 La. 5/5/09, **State v. Shirley**, (La. 2009), After reviewing the provisions of La.Code Evid. art. 104 and 1101, it is evident confusion may exist on the question of whether hearsay evidence may be admissible at a hearing on a motion to suppress.  Such confusion is exacerbated by one of the Comments to La.Code Evid. art. 1101 which states that "Subparagraph (B)(8) coupled with Paragraph A continues in effect the requirement that formal evidentiary rules generally apply in hearings on motions to suppress evidence."   Notwithstanding the facial confusion and the text of the Comment, we find resolution of the question in La.Code Evid. art. 1101(C)(1) which explicitly states the provisions of the Code of Evidence are not applicable to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under > [La.Code Evid.]  Article 104."   As stated in Article 104, "[p]reliminary questions concerning ... the admissibility of evidence shall be determined by the court ... In making its determination it is not bound by the rules of evidence except those with respect to privileges."   Accordingly, we find the exclusionary clause of La. Code Evid. art. 1101(B)(8), when considered in pari materiae with La.Code Evid. art. 104, may be read to generally exempt hearings on motions to suppress evidence from the rules of evidence except with respect to privileges.  Thus, La.Code Evid. art. 1101(B) may be read harmoniously with the provisions of La.Code Evid. art. 104(A).

The trial Court failed to hold a hearing for the Appellant to be able to present to the Honorable Court evidence that would have proved his innocence and he would not have been found guilty of this offense.

**ASSIGNMENT OF ERROR #3**

**WHETHER APPELLATE COUNSEL'S FAILURE TO RAISE A MERITORIOUS CLAIM ON DIRECT APPEAL VIOLATED APPELLANT'S THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

In order to show ineffective assistance of counsel, a defendant must demonstrate (1) that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that counsel's errors or omissions resulted in prejudice so great as to undermine confidence in the outcome. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. LaCaze, 99-0584 (La.1/25/02), 824 So.2d 1063, 1078, cert. denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002). In order to show prejudice, the defendant must show that, but for his counsel's unprofessional conduct, the outcome of the trial would have been different. **Strickland v. Washington**, 466 U.S. at 693, 104 S.Ct. at 2068.

Appellant's Counsel has a sixth amendment duty to argue meritorious claims on direct appeal. Appellant has a constitutional guarantee to effective assistance of counsel on direct appeal. In regard to these clearly established legal guarantees, it was Appellant Counsel's duty to argue the non frivolous claim of the State's failure to prove possession of cocaine beyond a reasonable doubt. The State's entire case rested on a videotape accompanied by the State's, "theory", of when and where the Appellant had the drugs. At no time did the State present any evidence showing Appellant in possession of the alleged drugs. From the State's two witnesses did not testify that they at anytime saw Appellant with any drugs. So the entire case was cast in a circumstantial shadow that raises the obvious and most logical question of, "What if the drugs were already in the mattress?" The State did not exclude this hypothesis nor did it present any evidence to negate this. The State's entire theory was weak and unsupported by any evidence, other than Appellant's Motions and actions in picking a mattress, which does not prove that Appellant hid drugs in them. Equipped with 24 hour surveillance, no video was ever shown to show that Appellant put drugs in the mattress.

Herein lies an argument that Appellate Counsel would have more than likely succeeded upon had she argued it on Direct Appeal. So, here the components of an Ineffective Assistance of Counsel Claim lies directly in view, 1) Non frivolous claim 2) Counsel failed to raise on Direct Appeal, 3) There's reasonable probability that the adjudication of Appellant's Direct Appeal would have been different.

The trial court gave no determination to whether the reasonable doubt claim was non-frivolous before concluding that Direct Appeal Counsel was deficient or not, therefore there was no ruling on the issue presented for review and the Claim of Ineffective Assistance of Counsel was not heard.

## CONCLUSION

The trial Court has made the erroneous determination that Appellant failed to reach his burden of proof on the above arguments of ineffective assistance of counsel and direct appeal.

1) Counsel's representation fell below an objective standard of reasonableness.

  a. Was it not below the standard of reasonableness for trial counsel not to investigate the videotape that the state accused stayed Appellant smuggling drugs into the jail?

  b. Was it not below the standard of reasonableness for trial counsel not to investigate the report that was made to confirm the substance found was in fact drugs?

  c. Was it not below the standard of reasonableness for direct appeal counsel not to argue a clearly meritorious claim on direct appeal?

2) That there is a reasonableness probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.

  a. Is there a reasonable probability that the result of the proceeding would have been different if the jury would have learn that the mattress and rack where the drugs were found did not belong to Appellant?

  b. Is there not a reasonable probability that the result of the proceeding would have been different if the jury would have known that the alleged drugs they were being shown was almost half less of what the original report said.

  c. Is there not a reasonable probability that had the direct appeal counsel raised meritorious claim reasonable doubt on direct appeal that the result would have been different?

The trial court clearly did not consider the Post-Conviction Application and Memorandum or the entire record because the very question of burden raised and set forth in both the Memorandum and the record.

In addition, the trial court failed to address the reasonableness doubt in its entirety because there was no reason given for its denial.

## PRAYER

WHEREFORE, Appellant requests this Honorable Court to grant relief based upon the merits of the claims presented and/or remand this case to the trial court for an evidentiary hearing with the interested parties herein.

Respectfully Submitted,

_____

Patrick James #354290
Rayburn Correctional Center
27268 Highway 21
Angie, Louisiana 70426-3030

## VERIFICATION

I, Patrick James #354290, do hereby declare under penalty of perjury that the foregoing facts

contained herein are true and correct to the best of my knowledge and belief and the foregoing

has been forwarded to the District Attorney in and for the 22nd Judicial District Court, Parish of

St. Tammany, State of Louisiana this _2_ day of February , 2015, Angie, Louisiana

70426.

 

 

Patrick James #354290

## APPENDIX SHEET

APPENDIX A – 22nd Judicial District Court's Minutes of the Court

APPENDIX B – 22nd Judicial District Court's ruling on Application for Post-Conviction Relief

APPENDIX C – The Court of Appeals, First Circuit, ruling on Appellant's Application for Supervisory Writ

Patrick James # 354290
27268 Hwy 21
Angie, LA 70426

NOT CENSORED
Not Responsible for Contents
RAYBURN CORRECTIONAL CENTER
MAY 2 6 2016

U.S. District Clerk's
500 Poydras St.
New Orleans, LA 70130