## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PATRICK JAMES**                                       **CIVIL ACTION**

**VERSUS**                                              **NO. 16-8720**

**SANDY MCCAIN, WARDEN**                                **SECTION "N"(2)**

### REPORT AND RECOMMENDATION

     This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

     The petitioner, Patrick James, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On March 19, 2012, James was charged by bill of information in

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2] Rec. Doc. No. 4.

St. Tammany Parish with one count of possession with intent to distribute cocaine and one count of possession or introduction of contraband; i.e., cocaine, into a penal institution.[3]   The Louisiana First Circuit Court of Appeal summarized the facts determined at trial in relevant part as follows:

> On December 30, 2011, defendant was processed into the St. Tammany Parish Jail from a halfway house.  He was housed in the K Dorm, a pre-trustee area where inmates wait to be assigned a job.  On December 31, 2011, correctional officers performed a "shakedown" of the K Dorm to search for contraband.  Correctional Officer James Wigstrom searched defendant's belongings and discovered a rip in the pillow of his mattress.  Upon further examination of the tear, Officer Wigstrom found a hard, rock-like substance wrapped in clear plastic.  Chemical testing revealed the substance to be 4.22 grams of crack cocaine.
> At trial, the state introduced surveillance videos depicting defendant's intake into the jail.  One video showed that while defendant was searched upon his arrival to the jail, his mesh bag of belongings was not.  Further, an additional video appeared to show defendant, having been left alone, exchange his assigned mattress for a mattress with a large tear on its rear.   After deliberating, the jury returned a non-unanimous conviction for possession of cocaine.

State v. James, No. 2012-KA-1785, 2013 WL 2490376, at *1 (La. App. 1st Cir. Jun. 7, 2013); State Record Volume 3 of 5, Louisiana First Circuit Court of Appeal Opinion, 2012-KA-1785, pages 2-3, June 7, 2013.

On July 11, 2012, the State entered a nolle prosequi as to the second count, possession or introduction of contraband.[4]  James was tried before a jury on July 11 and

---

[3]St. Rec. Vol. 1 of 5, Bill of Information, 3/19/12.

[4]St. Rec. Vol. 1 of 5, Bill of Information, 3/19/12 (handwritten amendment dated 7/11/12).

12, 2012, and found guilty as charged of possession with intent to distribute cocaine.[5]
The court later denied James's motion for post-conviction verdict judgment of acquittal.[6]

The State filed a multiple bill charging James as a fourth felony offender, and the
state trial court so adjudicated him at a hearing held on August 6, 2012.[7]  The state trial
court sentenced James that same day as a fourth offender to twenty (20) years in prison
at hard labor without benefit of probation or suspension of sentence.[8]

On direct appeal to the Louisiana First Circuit, James's appointed counsel asserted
that Louisiana's use of non-unanimous jury verdicts violated the Equal Protection Clause
of the Fourteenth Amendment and James's right to a jury under the Sixth and Fourteenth
Amendments.[9]  The Louisiana First Circuit affirmed the conviction and sentence on June
7, 2013, finding no merit in James's claims.[10]

---

[5]St. Rec. Vol. 1 of 5, Trial Minutes, 7/11/12; Trial Minutes, 7/12/12; Jury Verdict, 7/12/12; Trial Transcript, 7/11/12; St. Rec. Vol. 2 of 5, Trial Transcript (continued), 7/11/12; Trial Transcript, 7/12/12.

[6]St. Rec. Vol. 1 of 5, Motion for Post-Verdict Judgment of Acquittal, 8/6/12; Multiple Bill Hearing Minutes, 8/6/12; St. Rec. Vol. 2 of 5, Hearing Transcript, 8/6/12.

[7]St. Rec. Vol. 1 of 5, Multiple Bill, 7/16/12; Multiple Bill Hearing Minutes, 7/16/12; Multiple Bill Hearing Minutes, 8/6/12; Reasons for Judgment, 8/15/12; St. Rec. Vol. 2 of 5, Hearing Transcript, 7/16/12; Hearing Transcript, 8/6/12.

[8]St. Rec. Vol. 1 of 5, Multiple Bill Hearing Minutes, 8/6/12; St. Rec. Vol. 2 of 5, Hearing Transcript, 8/6/12.  The court later clarified that James's sentence would run concurrently with his other sentences.  St. Rec. Vol. 1 of 5, Minute Entry, 8/7/12; St. Rec. Vol. 2 of 5, Hearing Transcript, 8/7/12.

[9]St. Rec. Vol. 3 of 5, Appeal Brief, 2012-KA-1785, 12/6/12.

[10]James, 2013 WL 2490376, at *1; St. Rec. Vol. 3 of 5, 1st Cir. Opinion, 2012-KA-1785, 6/7/13.

The Louisiana Supreme Court denied James's counsel-filed writ application without stated reasons on January 27, 2014.[11]  His conviction became final ninety (90) days later on Monday, April 28, 2014,[12] when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filling for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

In the meantime, on March 10, 2014, James filed an application for post-conviction relief with the state trial court asserting three grounds for relief:[13] (1) The State failed prove the elements of the crime beyond a reasonable doubt. (2) He received ineffective assistance of appellate counsel for failure to assert a claim of insufficient evidence or reasonable doubt. (3) He received ineffective assistance of trial counsel for failure to investigate and present an adequate defense and impeach the jail deputies.  The court denied the application on May 8, 2014, finding the claims meritless.[14]

---

[11]State v. James, 131 So.3d 52 (La. 2014); St. Rec. Vol. 4 of 5, La. S. Ct. Order, 2013-KH-1630, 1/27/14; La. S. Ct. Writ Application, 13-K-1630, 7/9/13; St. Rec. Vol. 5 of 5, La. S. Ct. Letter, 2013-K-1630, 7/9/13.

[12]The ninetieth day was Sunday, April 27, 2014, which extended the last day of the period to Monday, April 28, 2014.  Fed. R. Civ. P. 6(a)(1)(C).

[13]St. Rec. Vol. 5 of 5, Application for Post-Conviction Relief, 3/10/14.

[14]St. Rec. Vol. 5 of 5, Trial Court Order, 5/8/14.

On August 11, 2014, the Louisiana First Circuit denied James's related writ application on the showing made.[15]  On December 7, 2015, the Louisiana Supreme Court declined to consider James's subsequent writ application, because it was not timely filed under La. S. Ct. Rule X§5.[16]

II.    FEDERAL HABEAS PETITION

On June 29, 2016, after correction of certain deficiencies, the clerk of this court filed James's federal habeas corpus petition in which he asserts the following grounds for relief:[17] (1) The State failed to prove the essential elements of the crime beyond a reasonable doubt. (2) He received ineffective assistance of counsel for failure to investigate and present impeachment evidence. (3) He received ineffective assistance of appellate counsel for failure to raise a meritorious claim on appeal.

The State filed a response in opposition to James's petition, asserting that the federal petition was not timely filed.[18]  James replied by asking the court to find his petition timely and address the merits of his claims.[19]

---

[15]St. Rec. Vol. 5 of 5, 1st Cir. Order, 2014-KW-0872, 8/11/14; 1st Cir. Writ Application, 2014-KW-0872, 6/13/14; see also, Notice of Intent, 6/3/14 (dated 6/1/14); Trial Court Order, 6/9/14 (setting return date of 6/21/14).

[16]St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2015-KH-0396, 12/7/15; La. S. Ct. Writ Application, 15-KH-396, 2/26/15 (dated 2/24/15).

[17]Rec. Doc. No. 4.

[18]Rec. Doc. No. 11.

[19]Rec. Doc. No. 12.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[20] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to James's petition, which, for reasons discussed below, is deemed filed in federal court on May 26, 2016.[21] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[20]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). James failed to date his signature on the petition and attached memorandum, indicating only that it was executed in "2016." He has not provided any indication as to when he actually presented his pleadings to prison officials for mailing to this court. The prison officials stamped the envelope on May 26, 2016, which is the same as the postal meter date. This is the earliest date of any action taken that appears in the record. Nevertheless, James allowed more than one year to pass after his conviction became final on April 28, 2014, as explained in this report.

6

The State argues that James's federal petition was not timely filed and the record supports this conclusion. For the following reasons, James's petition must be dismissed with prejudice as time-barred under the AEDPA.

IV.    <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[22] <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001). James's conviction became final on April 28, 2014, which was ninety (90) days after the Louisiana Supreme Court completed review of his conviction following direct appeal. Applying Section 2244 literally, James had one year from finality of his conviction, or until April 28, 2015, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the

---

[22]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

James has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years

8

in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.

10

1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").   A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In James's case, when his conviction became final under federal law on April 28, 2014, he had already signed and submitted his state application for post-conviction relief to the state trial court. The state trial court denied relief on May 8, 2014, and the Louisiana First Circuit denied his related writ application on August 11, 2014. The matter remained pending for an additional thirty (30) days, until September 10, 2014, when he did not timely seek review in the Louisiana Supreme Court by the applicable state law deadline.

The one-year AEDPA statute of limitations period began to run the next day, September 11, 2014, and did so without interruption for 365 days until September 11, 2015, when it expired. James had no properly filed state court application for post-conviction relief or other collateral review pending in any state court during that time period.

I recognize that James signed and submitted a writ application to the Louisiana Supreme Court on February 24, 2015, but that writ application was not timely filed under state law. As indicated above, the Louisiana First Circuit denied James's related writ application on August 11, 2014. Under La. S. Ct. R. X§5, he had thirty (30) days from issuance of that opinion, or until September 11, 2014, to seek review in the Louisiana Supreme Court, which he did not do. The Louisiana Supreme Court did not consider the writ application, specifically finding that it was not timely filed under La. S. Ct. R. X§5. Under federal law, this untimely pleading under La. S. Ct. R. X §5 cannot be considered

in the AEDPA's finality or limitations calculation.  See Butler, 533 F.3d at 317, 319 (La. S. Ct. R. X§5(a) forbids any extension of time); Williams, 217 F.3d at 309-11 (same). As the United States Supreme Court has declared, "[w]hen a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414.

I also reiterate that, in addressing the applicable federal mailbox rule, I found that James's signature on his federal habeas petition and supporting memorandum were not fully dated, indicating only that they were executed in the year 2016 and his envelope was stamped and metered by prison officials on May 26, 2016.[23]  However, the inability to determine an exact "mailbox rule date" is of no concern in this case.  Because James allowed more than one year to pass between April 28, 2014 and September 11, 2015, the AEDPA one-year filing period expired well before his federal petition could have been signed and executed (i.e., delivered to prison officials for mailing to a federal court) on any date in the year 2016.

Under the mailbox rule, James's federal petition is deemed filed on May 26, 2016, which was eight months and two weeks after the AEDPA's one-year statute of limitations

---

[23]See footnote 21, supra.

expired on September 11, 2015. His federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.[24]

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is **RECOMMENDED** that James's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

---

[24]The United States Supreme Court decision in <u>Martinez v. Ryan</u>, __ U.S. __, 132 S. Ct. 1309 (2012), is not relevant to the timeliness of this federal petition. In <u>Martinez</u> , the Supreme Court held that a <u>procedural bar</u> imposed by <u>state courts</u> "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" <u>Trevino v. Thaler</u>, __ U.S. __, 133 S. Ct. 1911, 1912 (2013) (quoting <u>Martinez</u>, 132 S. Ct. at 1320). I first note that, in this case, petitioner's ineffective assistance of counsel claims were addressed on the merits by the state courts and not subject to a procedural bar. Second, the <u>Martinez</u> and <u>Trevino</u> decisions do <u>not</u> address or provide an excuse for untimely filing of a federal habeas petition. <u>See</u> <u>Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); <u>Smith v. Rogers</u>, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); <u>Falls v. Cain</u>, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). <u>Martinez</u> and <u>Trevino</u> also do <u>not</u> constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. <u>See</u> <u>In re Paredes</u>, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either <u>Martinez</u> or <u>Trevino</u> retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); <u>Adams v. Thaler</u>, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither <u>Martinez</u> nor <u>Trevino</u> provide equitable or statutory relief from petitioner's untimely filing under the AEDPA.

with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[25]

New Orleans, Louisiana, this _____9th_____ day of December, 2016.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[25]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

15